King, &c. v. Huni, &c.

CASE 56—ACTION BY CHAS. L. KING AGAINST JOHN GALLUS AND
OTHERS INVOLVING MORTGAGE LIENS OF MARIE HUNI AND OTHERS.—
JUNE 7.

# King, &c. v. Huni, &c.

APPEAL FROM HENDERSON CIRCUIT COURT—MALCOLM YEAMAN,
SPECIAL JUDGE.

FROM THE JUDGMENT KING AND GALLUS APPEAL. AFFIRMED.

VENDOR AND PURCHASER—LIEN—FORECLOSURE—PRIOR MORTGAGE—
RIGHTS OF PARTIES—NEW TRIAL—SUBROGATION.

1. Civ. Code, sec. 414, provides that defendant brought in by
constructive notice may petition for a new trial at any time with-
in five years, and section 417 provides that the title of purchasers
in good faith to any property sold under attachment or judg-
ment shall not be affected by the new trial permitted by section
414, except the title of property obtained by the plaintiff, and not
bought of him in good faith by others. Defendant purchased
land from plaintiff, giving notes in which a lien was retained, and
subsequently defendant and his wife mortgaged the land, and in
a suit to enforce the vendor's lien constructive service was had
on the mortgagee. Plaintiff bid in the land at the sale in his
action, and then sold it to defendant's wife. Thereafter the mort-
gagee petitioned for a new trial, and in her petition alleged that
the wife and plaintiff had notice of the mortgage, and such al-
legation was not denied. HELD, that the wife could not be re-
garded as an innocent purchaser whose title should not be dis-
turbed.

The wife, not having been a purchaser in good faith, was not en-
titled to be subrogated to the lien of plaintiff for the amounts
she had paid him.

BROWN & VANCE, ATTORNEYS FOR APPELLANT.

### PROPOSITIONS DISCUSSED.

1. A moitgage does not embrace a note of different description
from that described in the mortgage, unless there is an allega-
tion of fraud or mistake.

2. That under the Code, before a nonresident is entitled to have
the case reopened, that he must present a defense.

3. Where first mortgagee brings suit to enforce his mortgage lien and purchases at the sale under judgment in said suit and subsequently, on petition of second mortgagee, the said case is retried and resale ordered, the first mortgagee is entitled to his whole mortgage debt as against second mortgagee, although first mortgagee after his purchase at commissioner's sale sells the property and receives payments from his vendee. The payments made by his vendee should not be credited on his original debt so as to reduce the lien ahead of the second mortgage.

4. The vendee of the first mortgagee should, as to the payments to the first mortgagee, be substituted, to that extent, to the lien of the first mortgagee—and ahead of the second mortgagee.

## AUTHORITIES CITED.

Kentucky Code, section 414; Williams v. Taylor, &c., 11 Bush, 375.

DRURY & DRURY AND R. L. GREENE, ATTORNEYS FOR APPELLEE MRS. HUNI.

## PROPOSITIONS DISCUSSED.

1. Whatever is charged in a pleading and is not denied must be taken as true, and can not thereafter be made the subject of inquiry for the court.

2. A note is but an evidence of a debt, of which a mortgage may be the security, and though the evidence (the note) be not perfectly or correctly described, or be changed as by renewal, still so long as the debt is unpaid and the mortgage is sufficiently definite in its terms or description to identify the debt, so long is the security good.

3. A litigant's recovery is limited to the amount prayed for, and on appeal this court will not inquire into that of which the appellant does not complain.

4. Mrs. Gallus claiming to have made payments on this property which allegation Mrs. Huni denied, it was incumbent on Mrs. Gallus to prove her allegations, and having failed to do so her claim must fail. Kellar v. Stanley, 86 Ky., 240; Williams v. Taylor, 11 Bush, 375; Civil Code, sections 414, 417.

OPINION OF THE COURT BY JUDGE SETTLE—AFFIRMING.

July 24, 1893, the appellant, C. L. King, conveyed to John Gallus 76 acres of land in Henderson county for

$2,000. Of this amount Gallus paid $1,000 in cash, and for the remainder gave his three notes—one of $400, payable in one year, and two others of $300 each, payable in two and three years after date, respectively. In October, 1893, Gallus and wife executed to the appellee Marie Huni a mortgage upon the land purchased of King to secure the payment of a note for $1,000, which they gave her in July previously, the $1,000 being borrowed money which they got of her and used to make the cash payment to King upon the land at the time of its conveyance to John Gallus. The note and mortgage to the appellee Huni only bore interest at the rate of 4 1-2 per cent. In 1897 the appellant King brought suit in the lower court to recover of John Gallus the amount of the three notes given him in part payment for the land, and to enforce the lien retained in the deed to secure their payment. By an amended petition and warning order the appellee Marie Huni, who was and is a resident of California, was made a party. She did not appear or set up her mortgage lien, and, without requiring of the appellant King a bond for her protection as a nonresident, the court rendered judgment declaring that appellee had no interest in the land, ordered its sale to pay the notes of the appellant King. The sale followed, and the appellant became the purchaser at the sum due upon his notes and the costs of the action. The sale was confirmed, and he received a deed from the commissioner conveying him the land. Not long after his purchase of the land, the appellant King conveyed it to Bertha Gallus, wife of John Gallus, for $1,615.42, and for this sum she gave notes secured by lien on the land. After the sale of the land by the commissioner and its purchase by King, and within the five years allowed by section 414, Civ. Code, the appellee, Marie Huni filed her petition in the lower court seeking to

set aside the judgment under which the land was sold by the commissioner, and, setting up her mortgage lien on the land, asked its enforcement, subject to the prior vendor's lien in favor of appellant King for the amount of the three notes which had been executed to him by John Gallus. At the time of filing her petition appellee gave the necessary bond required of a nonresident by the section of the Code *supra*. The former action of King v. Gallus was redocketed and consolidated with the action brought by appellee after appellee filed answer making defense and setting up her mortgage debt and lien. Following the consolidation certain amendments to her petition were made by appellee, and answers were filed thereto by King, Gallus and wife, to which appellee filed replies. Proof was taken by the parties upon the issues presented by the pleadings, and upon a submission of the case the court rendered judgment setting aside the former judgment and ordering a resale of the land, first, to satisfy the balance due appellant King upon the original three notes executed to him by John Gallus, and then to satisfy the mortgage debt and lien of the appellee, and giving Bertha Gallus judgment over against the appellant King for the sums paid by her on her purchase of the land from him. The appellants King and Bertha Gallus complain of that judgment, and by this appeal seek its reversal.

It is insisted for appellants that Mrs. Gallus, in receiving the conveyance from King was an innocent purchaser, for which reason her title should not have been disturbed. Section 417, Civ. Code, provides, that: "The title of purchasers in good faith to any property sold under attachment or judgment shall not be affected by the new trial permitted by section 414, except the title of property obtained by the plaintiff and not bought of him in good faith by others."

In Kellar v. Stanley, 86 Ky., 246, 9 R., 388, 5 S. W., 480, this court, in defining the meaning of that section of the Code, said: "By 'good faith,' as judicially interpreted, is meant a purchase made not merely for a consideration, but also without notice to the purchaser of an adverse claim to the property by others; for the taking of an estate after notice of a prior right makes one a *mala fide* purchaser." Mrs. Gallus united with her husband in the mortgage to appellee, and, though it be concceded that she was not presumed to have knowledge of the fact that her husband had not paid the mortgage debt, notwithstanding no release of the mortgage appears to have been made of record, we find that it was directly averred in the amended petition filed by appellee after the consolidation of the two causes that "C. L. King and Bertha Gallus, defendants herein, had notice of the validity of plaintiff's mortgage and of her debt, and that it was an adverse claim upon the premises, when they acquired or attempted to acquire interests therein." We have been unable to find that this averment was ever denied, either by King or Mrs. Gallus, in the answers or other pleadings filed by them. Consequently it must be taken as confessed. This seems to dispose of the first contention of appellants.

It is, however, further contended by appellant Bertha Gallus that she is entitled to be substituted to the lien of King for the amounts which she claims to have paid him. The payments alleged by her to have been paid King on her purchase of the land from him are denied by appellee. The only witness introduced by appellants to prove the alleged payments, as well as the good faith of the transaction between Mrs. Gallus and King, was the husband of the former, and, as he was successfully impeached, and proved to be unworthy of belief upon oath by a number of his neigh-

bors, and no effort was made to sustain his reputation or otherwise support his testimony, it necessarily follows that it is entitled to little, if any, weight. It is furthermore significant that neither King nor Mrs. Gallus testified in the case, though the latter might have done so instead of her husband. It does no violence to the rights of the parties to infer that neither King nor Mrs. Gallus could have denied, or were willing to deny, that the latter, at the time of her purchase of the land, had full knowledge of the existence of appellee's mortgage, and that the debt which it was given to secure had not been paid. This being true, it would seem to require no great stretch of faith to reach the conclusion contended for by appellee that the husband of Mrs. Gallus was the real purchaser of the land from King, and that the deed was made to the wife for the purpose of defeating the mortgage lien of appellee. Under the facts of this case we do not think the doctrine of subrogation contended for should be made to apply. The cases relied on by counsel for appellants to support this contention can not, we apprehend, be appealed to by any one who, like Mrs. Gallus, is not a purchaser without notice or in good faith. At most she could have legally asked no more than a judgment against King for the amount she paid him on the land. This relief was given her by the lower court, and, as it is not claimed that King is insolvent, such relief is as effectual as if she had been substituted to the lien given him by the judgment appealed from.

We regard the contention of appellants that the note produced by appellee is not the one secured by the mortgage as being without support from the evidence. It is admitted that the $1,000 mentioned in the mortgage was loaned John Gallus by appellee. The mortgage recites that a note was given by Gallus for this amount. There is no averment in

the answers that there was any fraud or mistake in the mortgage in that respect. John Gallus, who is utterly discredited, as already stated, was the only witness introduced to contradict appellee as to the identity of the note. It may be—indeed, there is some evidence tending to show —that a renewal note was given for the mortgage dated in 1896, to be used by appellee, together with the mortgage, as collateral security for a loan which she received of a friend, and which loan she afterwards repaid, and by reason thereof received a return of the note and mortgage. The renewal was probably lost, but, if so, the special bond of indemnity given by appellee will protect appellants and John Gallus from any future loss upon or by reason of the renewal note. At any rate, we do not think there is any doubt from the evidence that the note filed by appellee is the one for which the mortgage was given, and there is no claim that the amount thereof has ever been paid. It is clear that the obligation secured by the mortgage was not in parol, and therefore limitation can not defeat appellee's right to a judgment for her debt and the enforcement of her mortgage lien.

So upon the whole case it is apparent that, if appellee had set up on the original trial of this action the claim finally presented by her, she would have been entitled to judgment for her debt and the enforcement of her mortgage lien, subject to the vendor's lien held by the appellant King. It follows, therefore, that the lower court did not err in reopening the case, or in rendering the judgment, appealed from, wherefore the judgment is affirmed.

Response by Judge Settle to petition for rehearing, March 15, 1905:

Our attention is directed by the petition for rehearing to the fact that the judgment of the lower court allows ap-

pellee John Gallus credit upon the lien debt of the appellant, King, against him by the sums paid by Bertha Gallus, the wife of the former, upon the consideration she undertook to pay King for the land when he sold and conveyed it to her after his purchase of it at the commissioner's sale, and that Bertha Gallus is also allowed by the judgment to recover of King the sums thus credited to her husband. In other words, the judgment in question charges King twice with these payments. This was improper. John Gallus was properly credited on the original purchase-money lien of King by the sums paid by his wife on her pretended purchase of the land from King, but she should not have been given judgment aginst King for the sums she paid him, and the judgment to that extent was and is erroneous. We are of opinion that the facts and circumstances connected with the conveyance from King to Bertha Gallus show that the transaction was not in good faith, but that it was a scheme to defeat the lien debt of appellee Huni, and that the money paid King by Mrs. Gallus belonged to her husband.

The judgment of the lower court is therefore reversed in so far as it permits Bertha Gallus to recover of King the several amounts she paid him, but affirmed in all other respects. The petition for rehearing, except to the extent herein indicated, is overruled, and the cause is remanded for further proceedings consistent with this and the original opinion. But no costs shall result to the appellee, Huni by reason of the reversal of the judgment as between King and Bertha Gallus.